IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | Case No. 08 CR 720 |
| STEVEN STEWART ) | |
| ) | Judge Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

Defendant Steven Stewart ("Stewart") is charged in a six-count indictment with: 1) conspiring to possess with the intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) & 846 (Count I); 2) attempt to possess with the intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 846 (Count II); 3) knowingly possessing firearms in furtherance of, and carrying firearms during and in relation to, drug trafficking crimes in violation of 18 U.S.C. §§ 924(c)(1)(A) & 2 (Count III); and 4) knowingly possessing a firearm after having previously been convicted of a crime punishable by a term of imprisonment exceeding one year in violation of 18 U.S.C. § 922(g)(1) (Count VI).[1] Stewart now moves the Court pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B) to dismiss Count III of the Indictment as duplicitous. Specifically, Stewart alleges that Count III is duplicitous because it charges two offenses in single count and names multiple firearms within the same count. For the reasons stated, Stewart's Motion to Dismiss is denied.

## DISCUSSION

Duplicity is the "joining of two or more offenses in a single count." *United States v.*

---

[1] Counts IV and V of the Indictment charge Co-Defendants Tony Mahan and James McKenzie with being felons in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Mahan and McKenzie are not being tried with Stewart.

*Marshall*, 75 F.3d 1097, 1111 (7th Cir. 1996). The prohibition on duplicity is embodied in Federal Rule of Criminal Procedure 8(a), which provides for a separate count for each offense. *See* Fed. R. Crim. P. 8(a); *see also United States v. Buchmeier*, 255 F.3d 415, 421 (7th Cir. 2001). The dangers of a duplicitous indictment are that the defendant: 1) may not understand the charges against him, 2) may be convicted by a less than unanimous jury, 3) may be prejudiced by evidentiary rulings at trial, or 4) may be subjected to double jeopardy. *See United States v. Davis*, 471 F.3d 783, 790 (7th Cir. 2006). While charging multiple offenses in a single count renders an indictment duplicitous, an indictment is not duplicitous if it charges a single offense carried out through many different means. *See* Fed R. Crim P. 7(c)(1) ("A count may allege that the defendant . . . committed [the offense] by one or more specified means"); *see also United States v. Tanner*, 471 F.2d 128, 138 (7th Cir. 1972) ("A count is not duplicitous if it simply charges the commission of an offense by different means.")

The Seventh Circuit has not squarely addressed the question of whether § 924(c) creates two separate offenses or instead lays out alternative means for committing the same offense and sister circuits have reached differing conclusions. *Compare United States v. Lloyd*, 462 F.3d 510, 513 (6th Cir. 2006) ("This subsection creates two distinct criminal offenses . . . The first is using or carrying a firearm 'during and in relation to any crime of violence or drug trafficking crime.' The second distinct offense is possessing a firearm 'in furtherance of any such crime.'") *with United States v. Arreola*, 467 F.3d 1153, 1158 (9th Cir. 2006) ("[W]hile it is clear . . . that § 924(c) names two distinct acts, it does not create two separate offenses. Rather, it identifies two ways in which a defendant could violate § 924(c).")

In reaching its conclusion, the Sixth Circuit was largely concerned with the potential problems that could arise from applying the differing standards of proof. *See Lloyd*, 462 F.3d at 513

("The 'in furtherance of' standard of participation related to the possession crime is a higher standard than the 'during and in relation to' standard of participation related to the use or carrying crime."). In contrast, the Ninth Circuit conducted a thorough statutory analysis employing the analytical framework established in *United States v. UCO Oil Co.*, 546 F.2d 833 (9th Cir. 1976) and premised upon the Supreme Court's guidance in *Bell v. United States*, 349 U.S. 81 (1955). *See Arreola*, 467 F.3d at 1157-60. The *Arreola* court first addressed the statutory language of § 924(c) and held that while the disjunctive language indicates that the statute prohibits separate acts, it does not create two separate offenses. *See id.* at 1158. In reaching this conclusion, the court pointed out that the absence of sub-sections delineating separate offenses and the fact that both the "possession" and "use and carry" clauses are in a single sentence confirms that Congress only intended to create one offense. *Id.* The court then went on to conduct an in-depth analysis of the legislative history of § 924(c) and held that it did not point conclusively in either direction, but tended to support the position that Congress only intended to create a single offense. *See id.* at 1158-59. Next, the court found that § 924(c) does not prescribe "distinctly different kinds of conduct" and the similarity of the evidence required to prove a violation of the first clause of § 924(c) and the second suggests that the statute proscribes only one offense. *Id.* at 1159. Finally, the court found that it would be inappropriate to apply multiple punishments to a defendant that violated both clauses of § 924(c) indicating it is unlikely that Congress intended for § 924(c) to encompass separate offenses. *See id.* at 1160 ("Applying this rule to § 924(c), it would seem absurd to permit multiple punishment of a defendant who violates both the 'uses or carries' clause and the 'possession' clause.")

In the absence of clear guidance within this circuit, the Court finds that the Ninth Circuit's extensive statutory analysis in *Arreola* more accurately traces the parameters of § 924(c) by limiting

it to prohibiting a single offense. Because § 924(c) sets forth disjunctive theories of liability for *a single offense*, an indictment is not duplicitous if it raises the theories conjunctively in a single count. *See United States v. DeLonne*, 21 F.3d 1418, 1427 (7th Cir. 1994) ("[W]here a statute defines two or more ways in which an offense may be committed, all may be alleged in one count."); *United States v. Amick*, 439 F.2d 351, 359 (7th Cir. 1971) ("[W]here the statute denounces several acts as a crime, they may be charged in one indictment or in a single count if they are connected in the conjunctive."); *see also* 1 Charles A. Wright, *Federal Practice and Procedure* § 125 (3d ed. 1999) ("Many statutes specify a variety of ways a particular crime can be committed, and if so, the indictment may allege commission of the offense by all the acts mentioned if it uses the conjunctive 'and' where the statute uses the disjunctive 'or.'"). Moreover, in analogous situations the Seventh Circuit has found that indictments alleging multiple acts in the conjunctive that violate a single statutory prohibition are not duplicitous. *See e.g., United States v. Moore*, 363 F.3d 631, 639-40 (7th Cir. 2005) (indictment charging defendants in single count with using *and* carrying firearms in relation to a drug trafficking crime in violation of § 924(c) was not duplicitous), *overruled on other grounds by Young v. United States*, 543 U.S. 1100 (2005); *United States v. Cox*, 536 F.3d 723 (7th Cir. 2008) (indictment charging that defendant knowingly and intentionally manufactured, distributed, and possessed with intent to distribute was not duplicitous); *United States v. Orzechowski*, 547 F.2d 978, 987 (7th Cir. 1977) ("The offense charged in each count, possession with intent to distribute and distribution, alleged in the conjunctive, was statutory language drawn from the same sentence of subsection (a)(1). We hold that the counts are not duplicitous."). Therefore, the Court finds that charging Stewart in Count III of the Indictment with knowingly possessing firearms in furtherance of, and carrying firearms during and in relation to, a drug

4

trafficking crime does not render the Indictment duplicitous.

Stewart's second assertion, that the Indictment is defective for naming multiple firearms in Count III, is also without merit. Because the Indictment charges a single predicate offense to which the multiple firearms are alleged to be connected, it would be inappropriate to charge each firearm in a separate count. *See United States v. Cappas*, 29 F.3d 1187, 1189 (7th Cir. 1994) (holding the use of multiple guns in a single drug conspiracy will not support multiple convictions under § 924(c)). Therefore, Stewart's Indictment is not duplicitous for charging multiple firearms predicated on the same underlying act in a single count.

Lastly, even assuming that Stewart had raised a valid claim of duplicity (which he has not), dismissal is a disfavored remedy that should be avoided when appropriate clarifying jury instructions can redress concerns over a potentially duplicitous indictment. *See United States v. Starks*, 472 F.3d 466, 471 (7th Cir. 2006) (finding jury instructions that properly instructed the jurors on the need to be unanimous effectively allayed any worries about duplicity); *Marshall*, 75 F.3d at 1112 (carefully worded jury instruction emphasized need for unanimity and obviated concerns of duplicity); *United States v. Cherif*, 943 F.2d 692, 701 (7th Cir. 1991) (possibility of non-unanimous verdict could have been easily cured by clear jury instruction).[2] To the extent that Stewart contends that Count III of the Indictment as currently worded creates four potential guilty verdicts, two of which are not prohibited by the statute, appropriate jury instructions can certainly clarify any of his lingering concerns. The Court notes, however, that the foundation underlying Stewart's fear is questionable, since the use of the conjunctive in the Indictment seems to preclude the potential that the jury could

---

[2] It is worth noting that even the *Lloyd* court, which found § 924(c) created separate offenses, rejected the defendant's claim of duplicity because jury instructions effectively clarified any doubt regarding the separate standards of participation applicable to each prong of the statute. *See Lloyd* 462 F.3d at 514-15.

find either that Stewart was solely 'carrying in furtherance' or 'possessing during and in relation to,' neither of which is prohibited by § 924(c).  *See* Indictment at p. 3 (". . . Steven Stewart . . . knowingly possessed firearms . . . , in furtherance of, *and* carried those firearms during and in relation to, drug trafficking crimes . . . ."). Nonetheless, any potential confusion can be remedied through clearly worded jury instructions that specify the correlative actions and standards of participation under § 924(c). The Court has previously set forth jury instruction deadlines for both Stewart and the Government. Both parties are free to submit proposed jury instructions that accurately state the applicable law relevant to proving a violation of § 924(c).

## CONCLUSION

For the reasons stated Stewart's Motion to Dismiss the Indictment is denied.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: July 17, 2009